UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALINA VARFOLOMEEVA, | No. 2:17-cv-00599-CKD |
| Plaintiff, | |
| v. | PRETRIAL SCHEDULING ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Plaintiff filed the complaint on March 21, 2017 and the action was assigned to United States District Court Judge Morrison C. England Jr. (ECF No. 1.) After all parties consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), the action was reassigned to the undersigned for all further proceedings and entry of final judgment. (ECF Nos. 8–10.) One June 2, 2017, all dates set before Judge England were vacated (ECF No. 10), including the pretrial schedule that the parties had previously stipulated to. (ECF

No. 7.) On June 28, 2017, the parties stipulated to adopt the prior scheduling order. (EFC No. 11.) The court adopts the prior dates parties stipulated to (see ECF. No. 7) and makes the following findings and orders.

**NATURE OF THE CASE**

This case arises from a motor vehicle accident involving a pedestrian. On November 19, 2014, plaintiff Alina Varfolomeeva alleges she was in a crosswalk at the intersection of J Street and Fifth Street in Sacramento, California, when a vehicle operated by a federal employee struck her in violation of California Vehicle Code section 21950(a). Plaintiff further alleges that the collision caused her personal injuries and other economic and noneconomic damages. Plaintiff maintains this action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, which provides the exclusive remedy for personal injuries arising from the alleged negligent acts or omissions of federal employees acting within the scope of their employment. Id. § 2679(b)(1).

**SERVICE OF PROCESS**

All named defendants have been served and have appeared. No further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENT OF PLEADINGS**

All named defendants have answered plaintiffs' complaint. No further joinder of parties or amendments to pleadings are permitted except with leave of court, good cause having been shown.

**JURISDICTION/VENUE**

Jurisdiction and venue are undisputed, and are hereby found to be proper.

**STIPULATED SCHEDULE**

Deadline to serve initial disclosures.................................................. June 26, 2017
Deadline to complete fact discovery ......................................... December 18, 2017
Deadline for Plaintiff's initial expert disclosures.......................... January 29, 2018
Deadline for Defendant's initial expert disclosures ........................ March 26, 2018
Deadline for supplemental (i.e., rebuttal) expert disclosures............. May 28, 2018

2

Deadline to complete expert discovery ................................................July 30, 2018

Deadline for filing dispositive motions.....................................September 17, 2018

**DISCOVERY**

As stipulated, all discovery shall be completed by **July 30, 2018**. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

**MOTION HEARING SCHEDULE**

All law and motion, except as to discovery-related matters, shall be completed by **October 18, 2018**. The word "completed" in this context means that all law and motion matters must be heard by the above date. The parties are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. THE PARTIES ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

/////

**FINAL PRETRIAL CONFERENCE**

The final pretrial conference is set before the undersigned on **December 6, 2018, at 11:00 a.m., in Courtroom No. 24**. Trial counsel shall appear at the Final Pretrial Conference.

The parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties are referred to Local Rules 281 and 282 relating to the contents of and time for filing Pretrial Statements. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding the provisions of Local Rule 281, which contemplates the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case. The undisputed facts and disputed factual issues are to be set forth in two separate sections. The parties should identify those facts that are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise <u>issues</u> that will be litigated at trial. <u>The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute</u>. However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts. The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement. If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall not be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be

listed <u>numerically</u>; defendant's exhibits shall be listed <u>alphabetically</u>.  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Trial is set on **January 22, 2019, at 9:00 a.m., in Courtroom No. 24** before the undersigned**.**  Trial will be by jury.

**SETTLEMENT CONFERENCE**

If the parties determine a settlement conference would be beneficial, the courtroom deputy may be contacted to arrange a date for the settlement conference.  In absence of a waiver of disqualification of the undersigned, the settlement conference will be set before another magistrate judge.

**MISCELLANEOUS PROVISIONS**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. Initial disclosures shall be made no later than June 26, 2017.

2. Discovery shall be completed by July 30, 2018.

3. All pretrial motions, except motions to compel discovery, shall be completed by October 18, 2018.
4. Pretrial conference is set for December 6, 2018 at 11:00 a.m. in courtroom no. 24 before the undersigned.
5. This matter is set for jury trial on January 22, 2019 at 9:00 a.m. in courtroom no. 24 before the undersigned.

Dated: June 29, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE