UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALINA VARFOLOMEEVA,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 2:17-cv-00599-CKD

ORDER

On November 16, 2017, the parties requested an informal conference call regarding a discovery dispute. (ECF No. 19.) Defendant seeks an order compelling plaintiff to undergo a mental examination pursuant to Federal Rule of Civil Procedure 35, and plaintiff asserts that such examination is not warranted. (ECF No. 20.) The parties submitted a joint briefing and an informal conference call was held on December 5, 2017. (ECF Nos. 20, 21.) Kirill Tarasenko appeared via telephone for plaintiff and Joseph Frueh appeared via telephone for defendant. Upon review of the briefing in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. BACKGROUND

Plaintiff brings this case pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680 et seq., related to the alleged negligence of a government employee who allegedly failed to yield his motor vehicle to pedestrians in a cross walk and struck plaintiff who

1

was walking in the cross walk.  (ECF No 1 at 2–3.)  Plaintiff seeks general and special damages from defendant for the injuries she sustained as a result of this incident.  (See Id. 1 at 7–8.)

In her prayer for relief, plaintiff specifically references Annex B, which includes her FTCA Claim for Damage, Injury, or Death.  (Id. at 9.)  In that claim, plaintiff asserts that, as a result of this collision, she suffered depression and post-traumatic stress disorder, among other injuries.  (Id. at 20.)  Moreover, in her FTCA Demand for Settlement, which is attached to the complaint as Annex C, plaintiff further elaborates that

> as a result of the subject collision. . . . [s]he developed multiple neurological problems, and lost significant quality of life. . . Ms. Varfolomeeva continues to suffer from . . . anxiety, depression, occasional suicidal ideations, and post-traumatic stress disorder.
>
> Dr. Ehyai . . . prescribed Cymbalta to help with her depression. . . . Prior to the collision Ms. Varfolomeeva was very active for her age. . . . Since the collision, Dr. Ehyai noted that she had difficulty moving around at all, due to her knee condition. . . . Dr. Ehyai additionally noted that she was experiencing phobia of walking on the street and of cars, and was experiencing memory loss and loss of concentration.
>
> . . .
>
> The injuries Ms. Varfolomeeva suffered as a result of Mr. Frye's negligent driving have irrep[a]rably altered her life. . . . She has been diagnosed with post-traumatic stress disorder, depression, and memory loss.

(ECF No. 1 at 29–31.)

Then, in response to defendant's interrogatories, plaintiff confirmed ongoing anxiety, depression, fear, decreased enjoyment of life, and decreased will to live.  (ECF No. 20 at 1.)  Plaintiff also identified two treating neurologists as witnesses.  (Id.)  Additionally, during her deposition, plaintiff testified that her "whole life is just ruined"; she has "lost interest for life"; "[t]here's something wrong with [her] head";  and her outlook on life has changed in that she "used to be a queen" but now believes she is "nothing," "a nobody."  (Id.)

Thereafter, defendant sought a mental examination pursuant to Federal Rule of Civil Procedure 35.  Plaintiff has resisted such an examination, asserting that she only seeks "garden-variety" pain and suffering damages that will not require the testimony of a psychiatrist.

/////

2

II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 35, the court "may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35.

> One of the purposes of Rule 35 is to "level the playing field" between parties in cases in which a party's physical or mental condition is in issue. "[G]ranting a request for a psychiatric examination pursuant to Rule 35 is to preserve [ ] the equal footing of the parties to evaluate the plaintiff's mental state. . . ." Tomlin v. Holecek, 150 F.R.D. 628, 633 (D.Minn.1993). A plaintiff has ample opportunity for psychiatric or mental examination by his/her own practitioner or forensic expert. "Only if no additional relevant information could be gained by an examination of [plaintiff] should the motion for a psychiatric examination be denied." Duncan v. Upjohn Co., 155 F.R.D. 23, 25 (D.Conn.1994).

Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D. Cal. 1995).

Before the court may order a Rule 35 mental examination, "first, the physical or mental condition of the party must be 'in controversy'; and second, 'good cause' for the examination must be established." Ragge, 165 F.R.D. at 608 (citing Schlagenhauf v. Holder, 379 U.S. 104, 117–20 (1964)).

III. DISCUSSION

Here, plaintiff has placed her mental condition in controversy with her complaint. She seeks damages related to the injuries she alleges plaintiff's employee caused, and she clearly identifies mental conditions among those injuries, including: depression, post-traumatic stress disorder, anxiety, suicidal ideation, and a phobia of walking on the street. (ECF No. 1 at 29–31.) By claiming that such mental conditions were caused by the underlying event, plaintiff has placed her mental condition in controversy.

In order to avoid a mental examination, plaintiff now wishes to stipulate that she is not seeking any damages related to her mental condition, but rather only seeking "garden-variety" pain and suffering damages. (ECF No. 20 at 2.) However, plaintiff's position is belied by her complaint, and the answers she provided at her deposition and in response to interrogatories. She has indicated that she continues to suffer from anxiety, depression, and fear, and that she has lost interest in life and believes that there is something wrong with her head. (ECF No. 20 at 1.) As a

result, plaintiff's mental condition remains in controversy, notwithstanding plaintiff's assertion that she only seeks "garden-variety" damages.

In addition, good cause exists for defendant's request to subject plaintiff to a mental examination. Because plaintiff's mental condition is in controversy and will be considered in any calculation of her pain and suffering damages, defendant has a right to gather expert evidence regarding the validity and extent of plaintiff's mental injuries.

For the foregoing reasons IT IS HEREBY ORDERED that:

1. Plaintiff shall submit to a Rule 35 mental examination by defendant's suitably licensed expert.

Dated: December 6, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/varfolomeeva.17-599.rule 35 order