KIRILL B. TARASENKO
State Bar No. 283986
**TARASENKO LAW OFFICE**
845 University Ave.
Sacramento, CA  95825
Telephone:    888-878-0830
Facsimile:    916-848-3323

Attorney for Plaintiff
ALINA VARFOLOMEEVA

MCGREGOR W. SCOTT
United States Attorney
JOSEPH B. FRUEH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail:    joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile:  (916) 554-2900

Attorneys for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALINA VARFOLOMEEVA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:17-cv-00599-CKD<br><br>**JOINT STATEMENT RE: DISCOVERY DISAGREEMENT (DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO EXECUTE RELEASE FOR MEDICAL INFORMATION IN DMV RECORDS, ECF No. 24)**<br><br><u>Hearing on Motion</u><br><br>Date:      March 21, 2017<br><br>Time:      10:00 a.m.<br><br>Location: Courtroom 24, Eighth Floor<br>            United States Courthouse<br>            501 I Street<br>            Sacramento, CA  95814 |

**JOINT STATEMENT RE: DISCOVERY DISAGREEMENT**

**I.      Position of the Moving Party (Defendant United States of America)**

On November 19, 2014, Plaintiff Alina Varfolomeeva alleges she was in a crosswalk at the intersection of J Street and Fifth Street in Sacramento when a vehicle operated by a federal employee struck her.  She now seeks economic and noneconomic damages from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C §§ 1346(b), 2671–80.

Before the November 2014 accident, Plaintiff alleges she was "very active and independent," attending church on a daily basis, traveling, and hiking for miles at a time.  *See* Compl. (ECF No. 1) Ex. C, at 5, 6, 8.  During her deposition, Plaintiff testified that she would walk from her apartment in downtown Sacramento to Old Sacramento twice a day and perform "intensive exercises," including sit-ups, leg-lifts, squats, and the splits.  *See* Declaration of Joseph B. Frueh ("Frueh Decl.") Ex. 1 (Pl.'s Deposition), at 32:1–37:13.  After the accident, however, Plaintiff alleges she "can hardly move about without assistance, and needs help with medical appointments, shopping, and virtually everything else."  Compl. (ECF No. 1) Ex. C, at 8.

Records from the California Department of Motor Vehicles ("DMV") indicate that Plaintiff obtained a disability placard for her vehicle in September 2014, approximately two months before the November 2014 accident.  Frueh Decl. Ex. 2.  Defendant seeks the medical information that Plaintiff submitted to the DMV to obtain the placard, including the application denoted "REG 195."  Frueh Decl. Ex. 3.  The DMV will not disclose this information without an executed release from Plaintiff.  *Id.* Ex. 4.

Among other things, the REG 195 application requires an applicant to certify under penalty of perjury that he or she is disabled, *e.g.*, has lost the use of one or more lower extremities, has a significant limitation in the use of his or her lower extremities, has a diagnosed disease or disorder that substantially impairs mobility, or is so severely disabled as to be unable to move without an assistive device.  *See* Frueh Decl. Ex. 3, at 2–3; Cal. Veh. Code § 295.5.  The application also requires a certification from a medical provider and a description of the applicant's claimed disability.  *See* Frueh Decl. Ex. 3, at 3.

Defendant requested that Plaintiff execute a release to obtain this information from the DMV, *see* Frueh Decl. Ex. 4; Cal. Veh. Code. § 1808.5, but Plaintiff refused.  According to Plaintiff, she "has a greater privacy interest in a personal disability than defendant would have in discovering [the] details of

her disability placard," and the requested information is "a fishing expedition violative of [Plaintiff's] right to privacy." Frueh Decl. Ex. 5. Plaintiff's objections must be rejected for several reasons.

*Frist*, the medical information that Plaintiff submitted to the DMV is relevant to the claims and issues in this case, including the timing, nature, and scope of Plaintiff's alleged mobility issues and her credibility. Fed. R. Civ. P. 26(b)(1). Relevancy under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

*Second*, the medical information that Plaintiff submitted to the DMV is not privileged. Fed. R. Civ. P. 26(b)(1). Although DMV records "relating to the physical or mental condition of any person[] are confidential and not open to public inspection," Cal. Veh. Code. § 1808.5, this policy does not establish an evidentiary privilege under state or federal law. *L.A. Unified Sch. Dist. v. Trs. of the S. Cal. IBEW-NECA Pension Plan*, 187 Cal. App. 4th 621, 629 (2010) ("[C]haracterizing information as confidential from public inspection is not the equivalent of establishing a privilege in a legal proceeding," and "section 1808.5 . . . is not a statute . . . that 'forbids disclosure.'" (quoting *Dep't of Motor Vehicles v. Superior Court*, 100 Cal. App. 4th 363, 371, 374 (2002))).

*Third*, it is well established that "[p]rivacy rights in medical records are neither fundamental nor absolute." *Williams v. Baron*, No. 03-2044, 2007 WL 433120, at *1 (E.D. Cal. Feb. 5, 2007). "[W]here an individual institutes a law suit in which his health and medical records are at issue, release of the records would likely be ordered, even over objection, during discovery." *Id.* Here, Plaintiff placed her physical condition and alleged limitations directly at issue when she filed this lawsuit. *See* Compl. (ECF No. 1) Ex. C, at 8. She has already disclosed personal medical information in support of her contentions and alleged damages, including mental health records and records from her primary care physician. *See id.* at 3, 6, 7. Under the circumstances, the relevance of the medical information Plaintiff submitted to the DMV for her disability placard far outweighs her asserted privacy interests. *Aguilar v. County of Fresno*, No. 08-1202, 2009 WL 3617984, at *6 (E.D. Cal. Oct. 29, 2009) (instructing that "the discovery process should be fair to both parties, so that each side is able to present an effective and complete case," and the "right to privacy . . . that a plaintiff may otherwise have must be balanced against the defendant's right to a fair trial" (internal quotation marks and citations omitted)).

*Fourth*, Plaintiff's counsel speculates that Plaintiff obtained her disability placard in September 2014 "*apparently* due to her status as a cancer patient who underwent chemotherapy." *Infra*, p. 6 (emphasis added).  But Plaintiff underwent colon cancer treatment in 2007—seven years before she applied for her disability placard—and fully recovered.  Frueh Decl. Ex. 1, at 53:17–54:21.  She had a lumpectomy in December 2015—*after* she applied for her disability placard—and after which she refused chemotherapy and claims to have had no pain or discomfort.  *Id.* Ex. 1, at 76:8–77:19.  And regardless, whatever medical conditions Plaintiff submitted to the DMV for her disability placard are clearly relevant to determining her alleged physical limitations before and after the accident, and whether she accurately reported those limitations to the State of California, to her medical providers, and in her sworn testimony and discovery responses.

*Fifth*, Plaintiff's contention that compelling her to sign a release "subvert[s] privacy laws and the discovery process" is wholly meritless.  *Infra*, pp. 4–5.  Indeed, "[i]n any lawsuit where the plaintiff is alleging physical and emotional injuries, it is standard procedure for the judge to direct the plaintiff to sign a HIPAA-compliant 'authorization for the release of [her] complete medical, pharmacy, psychiatric or psychological treatment or counseling records.'"  *Woodall v. Pitchard*, No. 08-6228, 2012 WL 1113605, at *2 (W.D.N.Y. Mar. 30, 2012); *Lumpkin v. Clark*, No.07-2015, 2008 WL 2441986, at *10 (D. Colo. June 16, 2008) ("Federal courts have the authority to order [parties] to request release of their records from parties maintaining them so [parties] can comply with discovery obligations.").

Moreover, the United States propounded requests for all documents in Plaintiff's possession, custody, or control relating to Plaintiff's medical care from 2012 to 2017, but she failed to produce or identify the medical information she submitted for her disability placard.[1]  *See* Frueh Decl. ¶ 7 & Ex. 6 (Request No. 8); *see also* Fed. R. Civ. P. 26(e).  Further, none of the medical providers identified in her interrogatory responses provided such materials in response to document subpoenas.  *Id.* ¶ 8 & Ex. 7

---

[1] Under Federal Rule of Civil Procedure 34, "[t]he phrase 'possession, custody or control' is in the disjunctive and only one of the numerated requirements need be met."  *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995).  "[A]ctual possession of the requested documents is not required," and "[t]he term 'control' includes the 'legal right of the producing party to obtain documents from other sources upon demand.'"  *Id.*; *Bowman v. Consolidated Rail Corp.*, 110 F.R.D. 525 (N.D. Ind. 1986) (holding that an individual must produce documents in the custody of a governmental agency that he has the legal right to request).

(Response No. 3).  The medical information Plaintiff submitted to DMV is clearly germane to expert discovery, which is ongoing until July 30, 2018, and the trial in this case is not scheduled to begin until January 22, 2019.  *See* ECF No. 12.  As Plaintiff acknowledges, "the volume of documents currently contested is not large"—"it is only one document" (*infra*, p. 7), and any purported prejudice from obtaining this single document is far outweighed by its relevance to assessing Plaintiff's alleged damages and credibility.

Defendant's motion to compel should be granted.

**II.      Position of the Opposing Party (Plaintiff Alina Varfolomeeva)**

**A.      The DMV Record Sought Is Private, Confidential, and Irrelevant**

Ms. Alina Varfolomeeva is a colon and breast cancer survivor. She underwent surgery followed by grueling sessions of chemotherapy to treat her cancer, and continues with period checkups due to the high risk of recurrence. Chemotherapy is known to make patients weak and lethargic, and it can have other temporary detrimental effects limiting strength and mobility of patients, as it did to Ms. Varfolomeeva. During the recovery phase from her disability, Ms. Varfolomeeva trained herself to walk five to seven miles per day and to stay active, in the event she suffered a recurrence.

The California DMV has a strong policy of protecting and respecting the privacy rights of motorists who submit confidential information to the DMV contained in any documents or DMV form requests. *See DMV privacy policy:* **"[The California Department of Motor Vehicles (DMV) is committed to promoting and protecting the privacy rights of individuals as enumerated in Article 1 of the California Constitution, the Information Practices Act of 1977, and other state and federal laws. It is the policy of DMV to limit the collection of personal information and to safeguard the privacy of personal information collected or maintained by the DMV... All records of the Department of Motor Vehicles, relating to the physical or mental condition of any person, are confidential and not open to public inspection (CVC §1808.5)]."** Members of the public are informed by the DMV through its website that they can fully rely on these DMV privacy protection policies. Here, defense counsel is attempting to subvert privacy laws and the discovery process by demanding that Ms. Varfolomeeva sign an authorization allowing defense counsel to request Ms. Varfolomeeva's

private and confidential disability documents from the DMV, and not by propounding discovery in a proper and timely manner. The deadline to complete fact discovery was on December 18, 2017.

Plaintiff Alina Varfolomeeva has an "inalienable right of privacy" provided by Calif. Const. Art. 1, § 1. *Britt v. Sup.Ct.* (San Diego Unified Port Dist.) (1978) 20 Cal.3d 844, 855-856. The right to privacy is also guaranteed by the U.S. Constitution. *Griswold v. Connecticut* (1965) 381 U.S. 479,484; *Palay v. Sup.Ct.* (County of Los Angeles) (1993) 18 Cal.App.4th 919, 931. "As our Supreme Court has recently explained, '[i]n many contexts, the scope and application of the state constitutional right of privacy is broader and more protective of privacy than the [implied] federal constitutional right of privacy as interpreted by the federal courts. [Citations.]" (*American Academy of Pediatrics v. Lungren* (1997) 16 Cal.4th 307,326, 66 Cal.Rptr.2d 210,940 P.2d 797.) This provision creates a zone of privacy which protects against unwarranted compelled disclosure of certain private information. (Citations.)" *Planned Parenthood Golden Gate v. Superior Court* (2000) 83 Cal. App. 4th 347,357.

"Discovery of constitutionally protected information is on a par with discovery of privileged information and is more narrowly proscribed than traditional discovery." *Tylo v. Superior Court* (1997) 55 Cal. App. 4th 1379, 1387, 1390-13911379, 1387 [trial court in a wrongful termination case abused its discretion in ordering former employee to answer questions relating to her marital relationship].) **"Because the requested material is constitutionally protected, the ordinary yardstick for discoverability, i.e., that the information sought may lead to relevant evidence, is inapplicable."** *Juarez v. Boy Scouts of America, Inc.* (2000) 81 Cal.App.4th 377, 392. The Supreme Court in *Britt v. Superior Court* held the following:

> Our holdings in *Lifschutz* and *Roberts* support plaintiffs' contention that the discovery order in the instant case is impermissibly overbroad. As *Lifschutz* explains, plaintiffs are "not obligated to sacrifice all privacy to seek redress for a specific [physical,] mental or emotional injury"; while they may not withhold information which relates to any physical or mental condition which they have put in issue by bringing this lawsuit, [footnote omitted] they are entitled to retain the confidentiality of all unrelated medical or psychotherapeutic treatment they may have undergone in the past. The trial court thus obviously erred in ordering plaintiffs to disclose to defendant their entire lifetime medical histories and this aspect of the challenged discovery order must also be vacated. *Britt*, supra, 20 Cal.3d at 864. (Citing *In re Lifschutz* (1970) 2 cal.3d 415).

In other words, where private records are sought in discovery, the burden is on the party seeking the constitutionally protected information [or Defendant] to establish that it is entitled to the protected information. *Davis v. Superior Court* (1992) 7 Cal. App. 4th 1009, 1017. In order to justify their demand for plaintiff's private disability records, as presently written, defense has the burden to (but cannot) demonstrate that:

(1) The information/records sought are directly relevant to the issues in this case,

(2) There is "a compelling need for discovery, and that compelling [is] so strong as to outweigh the privacy right when these two competing interests are carefully balanced",

(3) The scope is narrowly circumscribed and by the least intrusive manner, and

(4) The information is not available from other sources or by less intrusive means. *Lantz v. Superior Court* (1994) 28 Cal.App.4th 1839, 1853-1854; *Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516, 525; *Allen v. Superior Court* (1984) 151 Cal.App.3d 447,453.

Speculation that records may contain relevant material is insufficient. *Davis*, supra, 7 Cal. App. 4th at 1017-1018. Defendant certainly has the right to a fair trial. However, a fair trial does not require forcing a plaintiff to divest of Constitutionally protected privacy interests by signing authorizations for the defense, simply because that plaintiff has made a claim for personal injuries after being run over due to defendant's negligence. The privacy interest in this case strongly outweighs the defense's interest in rooting around in private, unrelated medical records, hoping to uncover something useful to their case.

In September 2014, Ms. Varfolomeeva moved from the East Coast to Sacramento, and was issued a California driver's license on 9/23/2014, with the disability placard issued that same day, apparently due to her status as a cancer patient who underwent chemotherapy. However, the chemotherapy and resulting temporary weakness allowing her to obtain the placard have absolutely nothing to do with her injuries that are the subject of this lawsuit. Therefore, in addition to being very personal and private, her medical cancer treatment reasons for obtaining the handicap placard are completely *irrelevant* to the leg and back injuries she sustained as a result of being run over in the crosswalk by the defendant driver, which are the subject of this lawsuit. Accordingly, Ms. Varfolomeeva should not be compelled to sign any authorizations for the defense seeking unrelated, personal and privileged documents recognized as private in nature by the DMV.  Her unrelated medical conditions including her cancer and chemotherapy should remain confidential as a private medical record, as

JOINT STATEMENT RE: DISCOVERY DISAGREEMENT        6

should her disability application. Therefore, the irrelevant and private Reg 195 document sought by the defense should remain private and confidential. As a result, Defendant's motion to compel should be denied.

**B.       In the Alternative, Only an *In-Camera* Production of the DMV Record Sought Should Be Ordered So that the Court Can First Determine, in Private, How the Privacy and Relevancy Concerns Raised by the Plaintiff Should Be Balanced Against the "Fair Trial" Interests of the Defense**

Although Ms. Varfolomeeva understandably does not want for her private, and unrelated to the subject litigation medical conditions to become public, she is still very mindful of the concerns raised by Defendant. Further, Ms. Varfolomeeva very much wants to be open and transparent with the Court. Ms. Varfolomeeva trusts the Court's decision to protect the rights of all parties concerned. Thus, Ms. Varfolomeeva simply requests that in the event the Court rules in favor of the defense on this issue, that before her confidential, private-and irrelevant to this lawsuit-   medical and cancer treatment information becomes public, that the Court first conduct an in-camera review of any DMV records sought in order to decide how the parties' competing interests should be balanced against one another.

The Plaintiff at most should provide the contested document to the court for in camera review. In this case, where the volume of documents currently contested is not large, it is only one document, in camera review to determine whether the documents are in fact privileged is appropriate. *See, e.g., In re Fish and Neave*, 519 F.2d 116, 118 (8th Cir. 1975); *Continental Coatings*, 50 F.R.D. at 384; 5 Moore 145.05(2), at 1723-24. (Documents which are claimed to be privileged should normally be produced for inspection by the judge in camera.").

///
///
///
///
///
///
///
///

Therefore, the Court should deny the Defendant's request to compel production of Ms. Varfolomeeva's privileged and confidential information, as her privacy rights far outweigh the defense's interests in digging around in plaintiff's medical issues unrelated to the subject action. In the alternative, the Court should order an in-camera inspection of the DMV record first, so that the Court can determine if and how that record should be produced in this lawsuit.

Dated: March 14, 2018                      TARASENKO LAW OFFICE

                                           By:   /s/ *Kirill B. Tarasenko*   (authorized on 3/14/2018)
                                                 KIRILL B. TARASENKO, ESQ.

                                                 Attorney for Plaintiff
                                                 ALINA VARFOLOMEEVA


Dated: March 14, 2018                      McGREGOR W. SCOTT
                                           United States Attorney

                                           By:   /s/ *Joseph B. Frueh*
                                                 JOSEPH B. FRUEH
                                                 Assistant United States Attorney

                                                 Attorneys for Defendant
                                                 UNITED STATES OF AMERICA