UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALINA VARFOLOMEEVA,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. 2:17-cv-00599-CKD

ORDER

Presently pending before the court is defendant's motion to compel plaintiff to execute a release for medical information in DMV records. (ECF No. 24.) This matter came on regularly for hearing on March 21, 2018 at 10:00 a.m. Present at the hearing were Kirill B. Tarasenko, on behalf of plaintiff, and Joseph B. Frueh, on behalf of defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, the court finds as follows.

RELEVANT BACKGROUND

This case arises from a motor vehicle accident involving a pedestrian. (See generally ECF No. 1.) On November 19, 2014, plaintiff alleges she was in a crosswalk at the intersection of J Street and Fifth Street in Sacramento, California, when a vehicle operated by a federal employee struck her, in violation of California Vehicle Code section 21950(a). (Id.) Plaintiff further

1

alleges that the collision caused her personal injuries and other economic and noneconomic damages. (Id.)

It is undisputed that on September 23, 2014, plaintiff was issued a disability placard from the California Department of Motor Vehicles ("DMV"). (ECF No. 27 at 7.) In order to obtain such a placard, an individual must submit an "Application for Disabled Person Placard or Plates" that requires a medical provider's certification as to the basis for the disability placard. (ECF No. 27-5.)

In this matter, significant discovery has already occurred. Defendant has requested that plaintiff provide all documents in her "possession, custody, or control relating to [her] medical care from 2012 to 2017" and plaintiff has provided responses. (ECF No. 27 at 4.) Plaintiff has disclosed personal medical information, including mental health records and records from her primary care physician. (ECF No 27 at 3.) However, plaintiff has not provided a copy of the application she submitted to the DMV. Defendant has requested that plaintiff execute a release to obtain a copy of her disabled placard application from the DMV, but plaintiff has refused. (ECF No. 27 at 2.) This motion to compel followed. (ECF No. 24.)

DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . [and] the parties' relative access to relevant information . . ." Fed. R. Civ. P. 26.

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. See Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992). However, "[p]rivacy rights in medical records are neither fundamental nor absolute." Williams v. Baron, No. CIV S-03-2044-LKK-JFM, 2007 WL 433120, at *1 (E.D. Cal. Feb. 5, 2007) (citing Whalen v. Roe, 429 U.S. 589, 603-604, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977)).

When plaintiff filed this lawsuit, she placed her physical condition and alleged limitations directly at issue (see ECF No. 1) and she has already provided medical records to defendant. Yet plaintiff asserts that this DMV application is not relevant, and to force her to disclose it would

violate her privacy. (See ECF No. 27 at 5–8.) Thus, plaintiff asserts that she should not have to execute the release for this DMV application. In the alternative, plaintiff requests that she be allowed to provide the DMV application to the court for an in camera review before the court rules on whether it shall be disclosed to defendant. (Id. at 8.)

Plaintiff's arguments are not persuasive. As plaintiff admits, she received this disability placard from the DMV on September 23, 2014, less than two months before the accident that is the subject of this lawsuit. Plaintiff has voluntarily placed her physical condition at the time of the accident at issue; any potential physical limitation that was present two months before the accident is highly relevant. Therefore, any privacy right that she may have in this DMV application is outweighed by the defendant's right to discovery about an issue central to its potential defense.

At the same time, since the DMV application in question is only three pages, and since the deadline for all discovery is not until July 30, 2018 (ECF No. 12 at 3), there would be no prejudice to defendant for the court to perform an in camera review of this document prior to any further disclosure. If upon review this document appears relevant to the questions at issue, the court will order that the document be provided to defendant.

Accordingly IT IS HEREBY ORDERED that:

1. Defendant's motion to compel plaintiff to execute release for medical information in DMV records (ECF No. 24) is GRANTED IN PART.
2. **On or before March 26, 2018**, plaintiff shall complete a consent and waiver for release of medical information in DMV records, pursuant to California Vehicle Code § 1808.5.
3. A copy of the Application for Disabled Person Placard or Plates, which served as the basis for plaintiff's September 23, 2014 disability placard, shall be provided to the court **on or before April 9, 2018,** for an in camera review. This document shall be bates-stamped in numerical order.
4. If plaintiff is unable to provide a copy of the application by April 9, 2018, the parties shall meet and confer and submit a joint statement to the court, indicating when the

3

application will be provided.

5. After the court reviews this document in camera, the court will determine whether the document shall be provided to defendant, and shall issue a further order as appropriate.

Dated: March 22, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/17-cv-599.varfolomeeva.order MTC